Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THUC PHAM, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>CHINA FINANCE ONLINE CO. LIMITED, ZHIWEI ZHAO and JUN WANG,<br><br>    Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Thuc Pham ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against Defendants, alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding

China Finance Online Co. Limited, ("China Finance Online" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired China Finance Online American Depository Shares ("ADSs") between May 6, 2014 and June 3, 2015, both dates inclusive (the "Class Period"), seeking to recover compensable damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2.      During the Class Period, Defendants issued materially false and misleading statements and omitted to state material facts that rendered their affirmative statements misleading as they related to the Company's financial performance, business prospects, and true financial condition.

## JURISDICTION AND VENUE

3.      The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1337, and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

5.      Venue is proper in this District pursuant to §27 of the Exchange Act and 28 U.S.C. §1391(b) as the alleged misleading public filings and press releases entered this district.

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS

6.     In connection with the acts, conduct and other wrongs alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

7.     Plaintiff, as set forth in the attached Certification, acquired China Finance securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

8.     Defendant China Finance Online is a Hong Kong corporation with its principal executive offices located at 9th Floor of Tower C, Corporate Square NO.35 Financial Street, Xicheng District Beijing 100033, China. China Finance Online's ADSs trade on the NASDAQ Global Market ("NASDAQ") under the ticker symbol "JRJC."

9.     Defendant Zhiwei Zhao ("Zhao") served as China Finance Online's Chairman of the Board of Directors and Chief Executive Officer during the Class Period.

10.     Defendant Jun Wang ("Wang") served as China Finance Online's Director and Chief Financial Officer Officer during the Class Period.

11.     The defendants referenced above in ¶¶9-10 are sometimes referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

12.     China Finance Online is purportedly a leading web-based financial services company in China. The Company provides Chinese retail investors with online access to securities and commodities trading services, wealth management products, securities investment advisory services, as well as financial database and analytics services to institutional customers.

### Related Party Transactions

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

13.     Statement of Financial Accounting Standards ("SFAS") No. 57 and No. 850 provide that a public company's "[f]inancial statements shall include disclosures of material related party transactions." SFAS No. 57 ¶ 2; 850-10-50-1.   "Related party transactions" include those between "an enterprise and its principal owners, management, or members of their immediate families" and those between a company and its "affiliates." SFAS No. 57 ¶ 1; 850-10-05-3. "Affiliate" includes any company that is under common control or management with the public company. SFAS No. 57 ¶ 24(a, b); 850-10-20.

14.     Financial Statements not in compliance with GAAP are presumed to be misleading.  SEC Regulation S-X, 17 C.F.R. § 210.4-01.

**Materially False and Misleading Statements Issued During the Period**

15.     The Class Period beings on May 6, 2014 when China Finance Online filed its Form 20-F for the fiscal year ended December 31, 2013 (the "2013 20-F") with the SEC, which was signed by Defendant Wang. The 2013 20-F contained signed certifications pursuant to the Sarbaries-Oxley Act of 2002 ("SOX") by Defendants Shen and Yang attesting to the accuracy of the Form 20-F.

16.     The 2013 20-F described the Company's investment contract with Langfang Shengshi Real Estate Development Co., Ltd. (the "Langfang Developer"), stating in part:

> In order to enhance our return on cash, on March 19, 2013, we entered into a real estate investment contract with the Langfang Developer and four original shareholders of Langfang Developer. Pursuant to the investment contract with the Langfang Developer, at closing, we invested an aggregate $22,142,400 in consideration for 49% of the Langfang Developer's equity interest. Langfang Developer used the invested amount to purchase land and develop a real estate project thereon located in Langfang City, Hebei Province. This investment was funded by our current capital resources. And we don't expect this investment has a material adverse effect to our liquidity and working capital, for the foreseeable future. In November 2013, we transferred our equity stake in the Langfang Developer for a total consideration of

- 4 -

$24,930,702, which is being paid to us in several installments. As of December 31, 2013, we have collected $11,481,244 in cash and expected to collect the remaining $13,449,458 by September 20, 2014. In addition, we extended a loan of $10,333,120 to the Langfang Developer at a monthly interest rate of 1.5%. As of December 31, 2013, the total principal outstanding and interest receivable was $10,753,111, which amount we expected to collect by September 20, 2014. The uncollected consideration and loans are secured by one-hundred percent of Langfang Developer's equity interest.

17.    The 2013 20-F stated the following with regards to related party transactions:

**Contractual arrangements with CFO Newrand and its shareholders**

We entered into a series of contractual arrangements with CFO Newrand and its nominee shareholders (i.e., Lin Yang and Linghai Ma) in 2008 (the "CFO Newrand VIE Contracts"). Please refer to our 2008 Annual Report on Form 20-F for a detailed description of the CFO Newrand VIE Contracts.

On January 11, 2012, we entered into (i) a framework agreement on exercising purchase option with Lin Yang and the parties thereunder, and (ii) a framework agreement on exercising purchase option with Linghai Ma and the parties thereunder. Pursuant to the framework agreements, Lin Yang subscribed and contributed the increased registered capital of CFO Newrand using the loans rendered by CFO Software. Upon the capital increase, Lin Yang's shareholding percentage in CFO Newrand increased from 17.5% to 45% while Linghai Ma's shareholding percentage in CFO Newrand decreased from 82.5% to 55%. In addition, on the same date, each of Linghai Ma and Lin Yang entered into a purchase option agreement with CFO Newrand and CFO Software respectively. The terms of these two agreements are substantially the same as the purchase option agreement entered into by and among CFO Beijing, Zhiwei Zhao and Jun Wang in respect of their equity interests in CFO Fuhua.

**Contractual arrangements with Fortune Yingchuang (Beijing) Technology Co., Ltd. ("CFO Yingchuang") and its shareholders**

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

We entered into a framework agreement on exercising purchase option and certain ancillary agreements including a loan agreement, an equity transfer agreement and an equity pledge agreement on November 1, 2012 with Yang Yang and the parties thereunder (collectively, the "CFO Yingchuang VIE Amendments"). Pursuant to the CFO Yingchuang VIE Amendments, we exercised the purchase option by designating Ying Zhu to purchase all of the equity interests held by Yang Yang in CFO Yingchuang. Upon the equity transfer, Ying Zhu replaced Yang Yang as a shareholder of CFO Yingchuang, holding 45% of the equity interests in CFO Yingchuang. Ying Zhu and Lin Yang pledged all of their equity interests in CFO Yingchuang to CFO Chuangying to guarantee the payment obligations of CFO Yingchuang under the technical support agreement and the strategic consulting agreement between CFO Yingchuang and CFO Chuangying.

**Contractual arrangements with Shanghai Shangtong Information Technology Co., Ltd. ("CFO Shangtong") and its shareholders**

We entered into a framework agreement on exercising purchase option and certain ancillary agreements including a loan agreement, an equity transfer agreement and an equity pledge agreement on December 1, 2012 with Yuting Zhou and the parties thereunder (collectively, the "CFO Shangtong VIE Amendments"). Pursuant to the CFO Shangtong VIE Amendments, we exercised the purchase option by designating Xun Zhao to purchase all of the equity interests held by Yuting Zhou in CFO Shangtong. Upon the equity transfer, Xun Zhao replaced Yuting Zhou as a shareholder of CFO Shangtong, holding 45% of the equity interests in CFO Shangtong. Xun Zhao and Juanjuan Wang pledged all of their equity interests in CFO Shangtong to CFO Software to guarantee the payment obligations of CFO Shangtong under the technical support agreement and the strategic consulting agreement between CFO Shangtong and CFO Software.

**Contractual arrangements with CFO Chuangying and its shareholders**

We entered into a series of contractual arrangements with CFO Chuangying and its nominee shareholders (i.e., Zhiwei Zhao and Jun Wang) on November 1, 2012 in (the "CFO Chuangying VIE

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

Contracts"). The CFO Chuangying VIE Contracts are similar to agreements we had entered into with CFO Fuhua and its shareholders, specifically:

Loan Agreement. We entered into a loan agreement with Zhiwei Zhao to extend to Mr. Zhao a loan in the amount of RMB 8,277,500, for the sole purpose of financing his contribution to the registered capital of CFO Chuangying. Zhiwei Zhao can only repay the loans by transferring all of his interest in CFO Chuangying to us or a third party designated by us. When Zhiwei Zhao transfers his interest in CFO Chuangying to us or our designee, if the actual transfer price is higher than the principal amount of the loans, the amount exceeding the principal amount of the loans will be deemed as interest accrued on such loans and repaid by Zhiwei Zhao to us.

We entered into a loan agreement with Jun Wang to extend to Mr. Wang a loan in the amount of RMB 6,772,500 for the sole purpose of financing his contribution to the registered capital of CFO Chuangying subject to the same terms and conditions as the loan agreement we entered into with Zhiwei Zhao as discussed above.

Purchase Option Agreement. Pursuant to a purchase option and cooperation agreement, or the purchase option agreement, entered into among Zhiwei Zhao, Jun Wang, CFO Chuangying and CFO Software on November 1, 2012, Zhiwei Zhao and Jun Wang jointly granted CFO Software an exclusive option to purchase all or any portion of their equity interest in CFO Chuangying, and CFO Chuangying granted us an exclusive option to purchase all of its assets if and when (1) such purchase is permitted under applicable PRC law and (2) to the extent permitted by law, Zhiwei Zhao and/or Jun Wang ceases to be a director or employee of CFO Chuangying, or either Zhiwei Zhao or Jun Wang desires to transfer his equity interest in CFO Chuangying to a party other than the existing shareholders of CFO Chuangying. We may purchase such interest or assets ourselves or designate another party to purchase such interest or assets.

Voting arrangement.  Each of Zhiwei Zhao and Jun Wang delivered an executed proxy to us with respect to their voting rights as shareholders of CFO Chuangying.

- 7 -

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

Share Pledge Agreement.  Pursuant to a share pledge agreement, dated November 1, 2012, Zhiwei Zhao and Jun Wang have pledged all of their equity interest in CFO Chuangying to CFO Software to secure the payment obligations of CFO Chuangying under the technical support agreement and the strategic consulting agreement between CFO Chuangying and CFO Software.

We entered into a framework agreement on exercising purchase option and certain ancillary agreements including a loan agreement, an equity transfer agreement and an equity pledge agreement on November 15, 2012 with Zhiwei Zhao, Jun Wang and the parties thereunder (collectively, the "CFO Chuangying VIE Amendments"). Pursuant to the CFO Chuangying VIE Amendments, we exercised the purchase option under the purchase option agreement by (i) designating Xiaowei Wang to purchase all of the equity interests held by Zhiwei Zhao in CFO Chuangying and (ii) designating Na Zhang to purchase all of the equity interests held by Jun Wang in CFO Chuangying. Upon the equity transfer, Xiaowei Wang and Na Zhang became the nominee shareholders of CFO Chuangying, holding 55% and 45% of the equity interests in CFO Chuangying respectively. Xiaowei Wang and Na Zhang pledged all of their equity interests in CFO Chuangying to CFO Software to guarantee the payment obligations of CFO Chuangying under the technical support agreement and the strategic consulting agreement between CFO Chuangying and CFO Software.

The English translation of the forms of VIE contracts are attached as Exhibits [4.4-4.10] to this Annual Report on Form 20-F and incorporated herein by reference.

18.    The statements referenced in ¶¶15-17above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts, which were known to Defendants or recklessly disregarded by them, including that: (1) Defendant Zhao had an indirect equity interest in Langfang Developer at the time of the Company's investment; (2) the Company's financial statements contain GAAP violations by failing to disclose the investment in Langfang Developer as a

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

related party transaction; (3) as a result of the foregoing, China Finance Online public statements were materially false and misleading at all relevant times.

19.    On April 27, 2015 China Finance Online filed its Form 20-F for the fiscal year ended December 31, 2014 (the "2014 20-F") with the SEC, which was signed by Defendant Wang. The 2013 20-F contained signed certifications pursuant to SOX by Defendants Zhao and Wang attesting to the accuracy of the Form 20-F.

20.    The 2014 20-F described the Company's variable interest entities (VIEs) and their respective business sectors, stating in part:

**Variable interest entities:**

| | | | |
|---|---|---|---|
| Beijing Fuhua Innovation Technology Development Co., Ltd. ("CFO Fuhua") | Beijing, PRC | Dec. 31, 2000 | Nil | Web portal and advertising service |
| Shanghai Chongzhi Co., Ltd. ("CFO Chongzhi") | Shanghai, PRC | Jun. 6, 2008 | Nil | Subscription service |
| Fortune (Beijing) Qicheng Technology Co., Ltd. ("CFO Qicheng") | Beijing, PRC | Dec. 18, 2009 | Nil | N/A |
| Shenzhen Newrand Securities Advisory and Investment Co., Ltd. ("CFO Newrand ") | Shenzhen, PRC | Oct. 17, 2008 | Nil | Securities investment advising |
| Shanghai Stockstar Securities Advisory and Investment Co., Ltd. ("CFO Securities Consulting") | Shanghai, PRC | Nov. 5, 2009 | Nil | Securities investment advising |
| Shanghai Stockstar Wealth Management Co., Ltd. ("Stockstar Wealth Management") | Shanghai, PRC | Apr. 12, 2011 | Nil | N/A |

**Subsidiaries of variable interest entities:**

| | | | |
|---|---|---|---|
| Shanghai Meining Computer Software Co., Ltd. ("CFO Meining") | Shanghai, PRC | Oct. 1, 2006 | Nil | Web portal, advertising, subscription, and SMS |
| Shenzhen Newrand Securities Training Center ("CFO Newrand Training") | Shenzhen, PRC | Oct. 17, 2008 | Nil | Securities investment training |
| Fortune (Beijing) Huiying Investment Consulting Co., Ltd. ("CFO Huiying") | Beijing, PRC | Dec. 18, 2009 | Nil | N/A |
| Shenzhen Tahoe Investment and Development Co., Ltd ("CFO Tahoe") | Shenzhen, PRC | Sep. 30, 2013 | Nil | N/A |
| Shenzhen Shangtong Software Co., Ltd. ("CFO Shenzhen Shangtong") | Shenzhen, PRC | Sep. 23, 2009 | Nil | N/A |
| Zhengjin (Fujian) Precious Metals Investment Co., Ltd. ("CFO Zhengjin Fujian") | Fujian, PRC | Jan. 6, 2013 | Nil | Precious metals brokerage |
| Zhengjin (Shanghai) Precious Metals Investment Co., Ltd. ("CFO Zhengjin Shanghai") | Shanghai, PRC | Dec. 12, 2013 | Nil | Precious metals brokerage |
| Zhengjin (Tianjin) Precious Metals Investment Co., Ltd. ("CFO Zhengjin Tianjin") | Tianjin, PRC | Jul. 23, | Nil | Precious metals brokerage |

- 9 -

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

| | | 2013 | | |
|---|---|---|---|---|
| Henghui (Tianjin) Precious Metals Investment Co., Ltd. ("CFO Henghui") | Tianjin, PRC | Sep. 30, 2013 | Nil | Precious metals brokerage |
| Zhengjin (Beijing) Wisdom Petroleum and Chemical Investment Management Co., Ltd. ("CFO Zhengjin Beijing") | Beijing, PRC | Jan. 13, 2014 | Nil | N/A |
| Yinglibao (Beijing) Technology Co., Ltd. ("CFO Yinglibao") | Beijing, PRC | Jan. 15, 2014 | Nil | Internet-based financial platform |
| Zhengjin (Qingdao) Wisdom Trading Co., Ltd. ("CFO Zhengjin Qingdao") | Qingdao, PRC | Sep. 4, 2014 | Nil | N/A |
| Zhengjin (Jiangsu) Precious Metals Co., Ltd. ("CFO Zhengjin Jiangsu") | Nanjing, PRC | Nov. 19, 2014 | Nil | Precious metals brokerage |

21. The statements referenced in ¶¶19-20 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts, which were known to Defendants or recklessly disregarded by them, including that: (1) Defendant Zhao had suddenly resigned from his positions at three key Chinese VIE subsidiaries of the Company; and (2) as a result of the foregoing, China Finance Online public statements were materially false and misleading at all relevant times.

## THE TRUTH EMERGES

22. On June 3, 2015, GeoInvesting, LLC published a report on China Finance Online (the "GeoInvesting Report") asserting, among other things, that: (1) the most current SAIC records show that Defendant Zhao suddenly resigned from his positions at three key Chinese VIE subsidiaries of JRJC over the period of March and April of 2015; and (2) at the time of the Company's investment in Langfang Developer, Defendant Zhao had an indirect equity interest in Langfang Developer. The GeoInvesting report stated, in part:

**CEO Zhao Suddenly Resigned from the Management of Three of JRJC's Key Chinese VIE Subsidiaries**

For U.S. investors, JRJC's legal issues are compounded by the risky VIE structure of its Chinese operations. As many authors have previously noted, VIE structures often entail significant risks, especially when a company's main Chinese operating subsidiaries are VIEs controlled by a

- 10 -

person who is in legal trouble. JRJC historically did a poor job disclosing its VIE structure, which was recently questioned by the SEC, resulting in JRJC filing an amended 2013 20-F on April 21, 2015 that added more detailed disclosures and related risks. Despite the additional disclosure, JRJC failed to disclose the resignation of CEO Zhao from key VIE management posts made in the weeks prior to the April 27, 2015 filing of its 2014 20-F.

We obtained and reviewed the SAIC records of JRJC's Chinese VIE and directly owned operating subsidiaries. **To our surprise, updated SAIC records show that CEO Zhao suddenly resigned as director, legal representative, and general manager of three key Chinese VIE subsidiaries over the course of the last few months. JRJC has failed to disclose Zhao's resignations to investors.**

The following are the three key VIE subsidiaries that reported the resignation of Zhao in updated SAIC filings:

1. Beijing Fuhua Innovation Technology Development Co., Ltd. Beijing Fuhua is the VIE that owns JRJC's flagship web portal, jrj.com. Chairman Zhao resigned as legal representative, executive director and general manager on March 26, 2015. CFO Jun Wang was appointed as Zhao's replacement. A translated screenshot of the Beijing online SAIC record appears below:

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS



2.  Shanghai Meining Computer Software Co., Ltd. Shanghai Meining is
    the VIE that owns JRJC's other flagship web portal, stockstar.com.
    Chairman Zhao resigned as legal representative and director on April
    8, 2015. CFO Jun Wang was appointed as Zhao's replacement. A
    translated screenshot of the Shanghai online SAIC record appears
    below:

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS



3. Shanghai Stockstar Wealth Management Co., Ltd. Shanghai Stockstar is a VIE that, along with its affiliates, are key to JRJC's precious metals trading business, which in total contributed 72% of JRJC's 2014 revenues. Chairman Zhao resigned as a director on April 17, 2015. No replacement was named. A translated screenshot of the Shanghai online SAIC record appears below:

- 13 -



One additional subsidiary also reported the resignation of Zhao in updated SAIC filings:

Fortune Software (Beijing) Co., Ltd. Fortune Software has registered capital of $12 million and is 100% owned by JRJC. Chairman Zhao resigned as legal representative, director and general manager on April 17, 2015. A person named Na Zhang was appointed as Zhao's replacement. A translated screenshot of the Beijing online SAIC record appears below:

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

Fortune Software (Beijing) Co., Ltd

基本信息

| 注册号 | 110000410226288 | 名称 | 财富软件 (北京) 有限公司 |
| 类型 | 有限责任公司 (台湾省法人独资) | 法定代表人 | 张娜 |
| 注册资本 | 1500 万元 美元 | 成立日期 | 2004年12月07日 |
| 住所 | 北京市海淀区海淀南路30号北京航天恒志大厦608室 | | |

Corporate Change Information

| Change items | Content before change | | Content after change | Change date |

变更信息

| 变更事项 | 变更前内容 | | 变更后内容 | 变更日期 |
|---|---|---|---|---|
| 法定代表人 | 赵志伟 | | 张娜 | 2015-04-17 |
| 注册资本 | 1200万元 | | 1500万元 | 2015-04-17 |
| 董事 (理事) 、经理、监事 | 详细 | | | 2015-04-17 |

| Legal representative | Zhiwei Zhao | | Na Zhang | 04/17/2015 |

\*     \*     \*

As of December 26, 2013, Langfang Developer was 75% owned by Beijing Qingshi Investment Management Co., Ltd, which was 100% owned by Ling Wang, according to SAIC records shown below:

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS



At the time of this suspicious investment (March 2013), JRJC CEO Zhao also failed to disclose that he had an indirect equity interest in Wang's Langfang Developer, which according to the SAIC record (above) Zhao transferred to Ling Wang on July 23, 2013.

23.    As a result of this news, shares of China Finance Online fell $1.28 per ADS or over 21% to close at $4.67 per ADS on June 3, 2015.

24.    As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired China Finance Online ADSs traded on NASDAQ during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

26.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, China Finance Online securities were actively traded on NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by China Finance Online or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

27.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

28.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

29.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS

1  •  whether the federal securities laws were violated by Defendants' acts as
2     alleged herein;

3  •  whether statements made by Defendants to the investing public during
4     the Class Period misrepresented material facts about the business,
5     operations and management of China Finance Online;

6  •  whether the Individual Defendants caused China Finance Online to issue
7     false and misleading financial statements during the Class Period;

8  •  whether Defendants acted knowingly or recklessly in issuing false and
9     misleading financial statements;

10 •  whether the prices of China Finance Online ADSs during the Class
11    Period were artificially inflated because of the Defendants' conduct
12    complained of herein; and,

13 •  whether the members of the Class have sustained damages and, if so,
14    what is the proper measure of damages.

15    30.   A class action is superior to all other available methods for the fair and
16 efficient adjudication of this controversy since joinder of all members is
17 impracticable. Furthermore, as the damages suffered by individual Class members
18 may be relatively small, the expense and burden of individual litigation make it
19 impossible for members of the Class to individually redress the wrongs done to them.
20 There will be no difficulty in the management of this action as a class action.

21    31.   Plaintiff will rely, in part, upon the presumption of reliance established
22 by the fraud-on-the-market doctrine in that:

23 •  Defendants made public misrepresentations or failed to disclose material
24    facts during the Class Period;

25 •  the omissions and misrepresentations were material;

26 •  China Finance Online ADSs are traded in efficient markets;

27 •  the Company's shares were liquid and traded with moderate to heavy
28    volume during the Class Period;

- 18 -

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS

- China Finance Online ADSs traded on NASDAQ, and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased and/or sold China Finance Online ADSs between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

32. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

33. Alternatively, Plaintiffs and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

**Violation of Section 10(b) of The Exchange Act and Rule 10b-5**
**Against All Defendants**

34. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

35. This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

36. During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS

untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities. Such scheme was intended to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of China Finance Online ADSs; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire China Finance Online ADSs and options at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

37.    Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for China Finance Online ADSs. Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about China Finance Online's finances and business prospects.

38.    By virtue of their positions at China Finance Online, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants. Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth. In

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS

addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

39.    Defendants were personally motivated to make false statements and omit material information necessary to make the statements not misleading in order to personally benefit from the sale of China Finance Online ADSs from their personal portfolios.

40.    Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control. As the senior managers and/or directors of China Finance Online, the Individual Defendants had knowledge of the details of China Finance Online's internal affairs.

41.    The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of China Finance Online. As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to China Finance Online's businesses, operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price for China Finance Online ADSs was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning China Finance Online's business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired China Finance Online ADSs at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged upon the revelation of the alleged corrective disclosures.

42.    During the Class Period, China Finance Online ADSs were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of China Finance Online ADSs at prices artificially inflated by Defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of China Finance Online ADSs was substantially lower than the prices paid by Plaintiff and the other members of the Class. The market price of China Finance Online ADSs declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

43.    By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

44.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

### Violation of Section 20(a) ofThe Exchange Act
### Against The Individual Defendants

45.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

46.    During the Class Period, the Individual Defendants participated in the operation and management of China Finance Online, and conducted and participated, directly and indirectly, in the conduct of China Finance Online's business affairs.

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

Because of their senior positions, they knew the adverse non-public information regarding China Finance Online's business practices.

47.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to China Finance Online's financial condition and results of operations, and to correct promptly any public statements issued by China Finance Online which had become materially false or misleading.

48.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which China Finance Online disseminated in the marketplace during the Class Period. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause China Finance Online to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of China Finance Online within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of China Finance Online ADSs.

49.     Each of the Individual Defendants, therefore, acted as a controlling person of China Finance Online. By reason of their senior management positions and/or being directors of China Finance Online, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, China Finance Online to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of China Finance Online and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

50. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by China Finance Online.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post- judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: June 5, 2015                                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**


 /s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone:  (213) 785-2610
Facsimile:   (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS